14 CV 8624 (VSB)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSE MEDIAVILLA,

                                      Plaintiff,

-against-

CITY OF NEW YORK, et al.

                                      Defendants.

**SUR - REPLY MEMORANDUM OF LAW**

*ZACHARY W. CARTER*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, N.Y. 10007*

Of Counsel: Andrew Lucas
Tel: (212) 356-2373
Matter No. 2014-043975

Defendants offer this sur-reply to plaintiff's reply memorandum of law, docket entry [84]. On Monday, September 21, 2015, plaintiff's counsel requested consent to file up to five additional pages as part of their reply memorandum. Defendants inquired what issues required over length briefing and counsel provided a short list that included issues which were potentially outside the scope of his reply on the motion to amend. The plaintiff had formerly requested leave to include a sur-reply to the converted Fed. R. Civ. P. 12 motion as part of that reply, and the Court refused that request. Defts' Decl Ex. B, p. 20: 4-17. Leave to file this sur-reply was requested to flag and respond to any issues improperly joined in the reply. Without waiving any arguments, and respecting the Court's preference regarding sur-replies, defendants are keeping these papers limited to issues which were not properly raised in plaintiff's reply to the motion to amend.

Initially, plaintiff's contentions regarding probable cause and his purported issues of fact broadly deal with the converted motion to dismiss, not the proposed amendment. Plaintiff highlights this as his first argument is that defendants failed to show probable cause. Plaintiff's Reply MOL, p. 1. He premises this argument by rehashing the outdated requirements previously dealt with in Defendants' reply papers. Plaintiff's reliance on <u>Papineau v. Parmley</u>, 465 F.3d 46 (2d Cir. 2006), which deals with a protest on private property and is quoting from a case from the 1940s where plaintiff relies on it, are a blatant attempt to misframe the law. <u>Papineau</u> provided a clearer statement of that law subsequently in the decision, stating "We are mindful that the First Amendment does not insulate individuals from criminal sanction merely because they are simultaneously engaged in expressive activity. One would not be justified in ignoring the familiar red light because this was thought to be a means of social protest." <u>Papineau v. Parmley</u>, 465 F.3d 46, 58 (2d Cir. 2006) (quotations omitted).

Plaintiff's attempt to defend his First Amendment retaliation claim as a time place and manner restriction now turns on his pointing to other demonstrations at other courthouses that were not dispersed. Setting aside the implausibility of that argument, and the serious factual distinctions, "[a] restriction on expressive activity is content neutral when it is justified without reference to the content of the regulated speech. A facially neutral restriction does not become content based simply because it may disproportionately affect speech on certain topics. Bogart v. City of New York, 2015 U.S. Dist. LEXIS 11331, 181 (S.D.N.Y. Aug. 25, 2015) (citations omitted).

Plaintiff's attempts to distinguish the various criminal provisions, including NY PL § 240.20(1), are an attempt to cure his failure to oppose dismissal on that ground in his opposition papers, docket entry [69]. Accordingly his arguments should be deemed abandoned. To the extent they are not, plaintiff's lone argument is that his charging and closely approaching Lieutenant Zielinski after repeated orders to get back does not provide probable cause. However, as detailed in the papers previously, plaintiff's aggressive, defiant, tumultuous acts provided probable cause under, *inter alia*, NY PL §§ 120.15; 240.20(1); and 240.26.

Similarly, plaintiff's arguments against probable cause under NY PL §§ 240.20 and 195.05 also oppose the converted motion to dismiss, not the motion to amend. Plaintiff again relies on Papineau and its references to shutting down protests on private property based on decades old law. However, plaintiff fails to address, or substantively oppose, the legal standard governing the police orders, and on which defendants were entitled to rely. Now, as in November of 2011, "[u]nder New York's disorderly conduct statute, an order to disperse is lawful unless the order was purely arbitrary and not calculated in any way to promote the public

order." United States v. Nelson, 500 Fed. Appx. 90, 93 (2d Cir. 2012) (quoting Crenshaw v. City of Mount Vernon, 372 F. App'x 202, 206 (2d Cir. 2010)).

Plaintiff again raises the outdated 1940 case relied upon in Papineau, Cantwell v. Connecticut, 310 U.S. 296, 308 (1940), to argue that qualified immunity cannot apply because the dispersal orders were plainly illegal. However, as discussed above, and as plaintiff never directly addresses, the 2d Circuit both the year before and the year after plaintiff's arrest provided a different standard for the orders to disperse than the one plaintiff identifies. Officers were clearly acting within that standard and were at least arguably reasonable to believe the orders issued were proper.

Plaintiff next argues that qualified immunity cannot apply because plaintiff did not sufficiently provide physical menace or make actual contact. However, plaintiff's following the Lieutenant, ignoring orders to get back, and approaching him rapidly from behind, so close he appears to have made contact or at least to have startled the Lieutenant, provides probable cause under each of the statutes. In fact even the case plaintiff relies upon notes that 'threatened' physical contact suffices for purposes of NY PL § 240.26(1). Regardless, under NY PL § 240.26 (2) and (3), plaintiff was still in violation, or arguably in violation, of the statute even without any requirement of actual or threatened contact.

Defendants, without waiving their arguments in opposition to the amendment, do not respond to plaintiff's arguments regarding his proposed Monell amendment as the reply appears properly limited to the proposed motion to amend.

For clarity to the Court, defendants note that plaintiff's reply memorandum is correct in one respect. With regards to the request seeking to extend the time for service, defendants Anger, Zielinski and Ciaramitaro only were named in the initial complaint and timely

served. Defendants apologize for any confusion on that point, and without waiving any arguments or opposition reserve any further argument at this time as plaintiff has limited his reply papers as it relates to his request to extend the time to serve and personal involvement to the issues raised in his cross motion to amend.

## CONCLUSION

For the foregoing reasons, defendants, respectfully request that the Court dismiss plaintiff's complaint with prejudice, and grant such other and further relief as the Court deems just and proper.

Dated:    New York, New York
          October 2, 2015

                                      ZACHARY CARTER
                                      Corporation Counsel of the City of New York
                                      *Attorney for Defendants*
                                      100 Church Street
                                      New York, New York 10007
                                      (212) 356-2373

By: _____/s/_____
      Andrew J. Lucas
      Assistant Corporation Counsel
      Special Federal Litigation Division