14 CV 8624 (VSB)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSE MEDIAVILLA,

                                                        Plaintiff,

                        -against-

CITY OF NEW YORK, et al.

                                                        Defendants.

## MEMORANDUM OF LAW IN OPPOSITION OF PLAINTIFF'S MOTION FOR RECONSIDERATION

***ZACHARY W. CARTER***
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, N.Y. 10007*

Of Counsel: Joy T. Anakhu

Tel:  (212) 356-2323
Matter No. 2014-043975

## TABLE OF CONTENTS

TABLE OF CONTENTS......................................................................................................I

TABLE OF AUTHORITIES .............................................................................................. 0

PRELIMINARY STATEMENT ........................................................................................ 1

STATEMENT OF FACTS/PROCEDURAL HISTORY ................................................... 3

STANDARD OF REVIEW: RECONSIDERATION ....................................................... 4

ARGUMENT .................................................................................................................... 5

THE ORDERS TO DISPERSE WERE LAWFUL AND THE COURT
CORRECTLY FOUND THAT THERE WAS PROBABLE CAUSE FOR
PLAINTIFF'S ARREST............................................................................................ 5

    A.  The Legal Premise that an order to disperse is
lawful unless 'the order was 'purely arbitrary' and
'not calculated in any way to promote the public
order.'" is Still Followed.............................................................................. 7

    B.  The Facts Clearly Establish the "Public Harm
Element" of the Applicable Criminal Statute at Bar.................................... 9

    C.  New York City Charter 435(a) Is Relevant As
It Outlines The Duties and Responsibilities of The
Officers While Highlighting That The Officers'
Orders Were Not Purely Arbitrary And Promoted
The Public Order.......................................................................................... 10

    D.  The Court Correctly Found Probable Cause To
Arrest Plaintiff Under N.Y. PL §§240.20(6) and
195.05........................................................................................................... 11

    E.  The Court Correctly Found Probable Cause To
Arrest Plaintiff Under N.Y. PL §§240.20(1) and
240.26........................................................................................................... 12

CONCLUSION.................................................................................................................. 13

## TABLE OF AUTHORITIES

**Cases**                                                                                   **Pages**

Caravalho v. City of New York, 2016 U.S. Dist. LEXIS 44280 (S.D.N.Y. 2016) ...................... 9

Colvin v. State Univ. Coll. at Farmingdale, 2015 U.S. Dist. LEXIS 61181 (E.D.N.Y.
    2015) .......................................................................................................................... 6

Crenshaw v. City of Mount Vernon, 372 Fed. App'x 202 (2d Cir. 2010)................................. 8, 9

Denis v. Town of Haverstraw, 852 F. Supp. 2d 405, 413 (S.D.N.Y. 2012) ........................... 11

Devenpeck v. Alford, 543 U.S. 146, 152-53 (2004)................................................................... 3

Espada v. Schneider, 522 F. Supp. 2d 544, 552 (S.D.N.Y. 2007)............................................. 3

Garcia v. Doe, 2014 U.S. App. LEXIS 24772, *3 (2d Cir. 2015) ........................................ 2, 14

Gonzalez  v. City of New York, 2016 U.S. Dist. LEXIS 134474 (S.D.N.Y. 2016)...................... 4

Grand Crossing, L.P. v. United States Underwriters Ins. Co., 2008 U.S. Dist. LEXIS
    80833 (S.D.N.Y. 2008) ........................................................................................................ 5

Haus v. City of New York, 2011 U.S. Dist. LEXIS 155735 (S.D.N.Y. 2011)............................ 7

Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust, 729 F.3d 99 (2d
    Cir. 2013) .............................................................................................................................. 5

Leibovitz v. Barry, 2016 U.S. Dist. LEXIS 128231, at *36 (E.D.N.Y. Sep. 20, 2016) ................ 9

Mediavilla v. City of New York, et al., 14 CV 8624 (VSB), ECF No. 91 ................ 2, 4, 8, 12, 13

Miloslavsky v. AES Eng'g Soc'y, Inc., 803 F. Supp. 351, 355 (S.D.N.Y. 1992)......................... 6

Papineau v. Parmley, 465 F.3d 46, 59 (2d Cir. 2006)............................................................... 3

Parrish v. Sollecito, 253 F. Supp. 2d 713, 715 (S.D.N.Y. 2003)............................................. 3

People v. Galpern, 259 N.Y. 279 (1932) ............................................................................... 8, 9

People v. Jones, 9 N.Y.3d 259 (2007) ................................................................................... 6, 7

People v. Mehdi, 29 N.Y.2d 824 (1971).................................................................................... 8

People v. Weaver, 16 N.Y.3d 123, 128 (N.Y. 2011).................................................................. 7

Pesola v. City of New York, 2016 U.S. Dist. LEXIS 42977 (S.D.N.Y., 2016) ........................... 9

Reichle v. Howards, 132 S. Ct. 2088, 2096 (2012) .................................................................. 9

Rheingold v. Harrison Town Police Dep't, 568 F. Supp. 2d 384, 390 (S.D.N.Y. 2008) ............... 6

Scott v. Harris, 550 U.S. 372, 379-80 (2007) ......................................................................... 3

Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995) ............................................... 4

SR Int'l Bus. Ins. Co. v. World Trade Ctr. Props., LLC, 407 F. Supp. 2d 587 (S.D.N.Y.
    2006) ...................................................................................................................................... 5

United States v. Nelson, 500 F. App'x 90, 93 (2d Cir. 2012) .................................................... 9

Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992)............... 5

Wiles v. City of New York, 13 CV 02898, (TPG) ECF No. 161 ................................ 2, 3, 4, 9, 11

## STATUTES

N.Y. PL §240.20(1) ................................................................................................................. 13

N.Y. PL §240.20(6), .............................................................................................................. 12

N.Y. PL §240.26 .................................................................................................................... 13

New York City Charter §435(a) ............................................................................................. 11

## PRELIMINARY STATEMENT

Defendants City of New York, Michael Zielinski, Steven Anger, Anthony Ciaramitaro, Elisa Cokkinos, Daniel Albano, and William Cook, (hereinafter "Defendants") by their attorney, **ZACHARY W. CARTER**, Corporation Counsel of the City of New York, respectfully submit this memorandum of law in opposition to plaintiff's motion for reconsideration of the Court's Order dated September 29, 2016, which granted Defendants' motion for Summary Judgment. See Mediavilla v. City of New York, No. 14 CV 8624-VSB, ECF No. 91.The Court's order should not be disturbed as the analysis and subsequent determination were correct on the claims asserted in this action.

As noted by the Court, no reasonable trier of fact could find for the plaintiff even with facts asserted in his favor. This was most recently reiterated in Wiles v. City of New York, 13 CV 02898, (TPG) ECF No. 161. Plaintiff Joshua Wiles was arrested at the same Occupy Wall Street demonstration as plaintiff Mediavilla on November 5, 2011. Like plaintiff here, the Wiles Court found there was probable cause to arrest Mr. Wiles after he failed to comply with lawful police orders to disperse. On October 25, 2016, the Wiles Court granted defendants' motion for summary judgment in its entirety as the Honorable Judge Griesa agreed with this Court that the police orders to disperse were in fact lawful on November 5, 2011.

Contrary to plaintiff's assertions, this Court did not need to take into account plaintiff's version of events which were clearly contradicted by the indisputable video evidence in this case. See Garcia v. Doe, 2014 U.S. App. LEXIS 24772, *3 (2d Cir. 2015) ("we take as true the facts set forth in the complaint, [] to the extent they are not contradicted by the video evidence."). See Also Wiles v. City of New York, et. al, 13 CV 02898, (TPG) ECF No. 161, pp.6 (even "[w]hen the parties disagree as to the existence of a genuine dispute of a material fact, the

-1-

Court may consult incontrovertible video evidence to determine whether summary judgment is nevertheless appropriate") (citing <u>Scott v. Harris</u>, 550 U.S. 372, 379-80 (2007)).

Nor was this Court required to take into account the subjective thought process of plaintiff or the individual officers in determining that probable cause -an objective standard-existed to arrest plaintiff based on his conduct on November 5, 2011. <u>See</u> <u>Espada v. Schneider</u>, 522 F. Supp. 2d 544, 552 (S.D.N.Y. 2007) ("The probable cause inquiry focuses on the information available to the officer at the time of arrest; an officer's subjective intent is irrelevant.")(Citing <u>Devenpeck v. Alford</u>, 543 U.S. 146, 152-53 (2004));   <u>See Also</u> <u>Wiles v. City of New York</u>, et. al, 13 CV 02898, TPG ECF No. 161, pp.10 ("probable cause is determined by the *objective* facts available to the arresting officers *at the time of the events*. Thus the Court will not delve into the parties' subjective beliefs in determining whether probable cause existed to arrest plaintiff on November 5, 2011") (emphasis in the original).

While plaintiff grandstands about the purpose of "civil rights actions pursuant to Section §1983" (<u>see</u> Pl's Recon. MOL pp.2), he fails to consider the "significant public interest" in not allowing baseless civil actions to move forward. The evidence undoubtedly shows that plaintiff was present in what he described as a public protest for a significant period of time and was undisturbed by police until he (and others) began engaging in unlawful conduct. As noted in <u>Papineau v. Parmley</u>, "[o]ne would not be justified in ignoring the familiar red light because this was thought to be a means of social protest." <u>Papineau v. Parmley</u>, 465 F.3d 46, 59 (2d Cir. 2006). Simply put plaintiff's unlawful conduct on November 5, 2011, made him subject to arrest, regardless of what his subjective motives were in furthering his brand of protest.

Plaintiff concedes that this Court "clearly…found several independent bases" for its decision; yet he nonetheless bemoans that the Court should "modify and narrow" its decision

because he is essentially unhappy with the way the order is written[1]. <u>See</u> Pl's Recon. MOL pp.2-3. This is ludicrous and not the purpose of motions for reconsideration. As the Court is aware, a motion for reconsideration is proper where "the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." <u>Shrader v. CSX Transp., Inc.</u>, 70 F.3d 255, 257 (2d Cir. 1995). Here, plaintiff's motion for reconsideration fails to point to any controlling decisions or data that this court has overlooked. For the reasons set forth herein, defendants submit that plaintiff's motion for reconsideration should be denied in its entirety; request that the Court affirm its September 29, 2016 Order granting Defendants' motion for summary judgment and for any appropriate relief under Fed. R. Civ. P. 56(h) for opposing this motion.

## <u>STATEMENT OF FACTS/PROCEDURAL HISTORY</u>

For purposes of deciding this motion, Defendants respectfully refer the Court to the statement of facts contained in the Court's September 29, 2016 Order, <u>Mediavilla v. City of New York, et al.</u>, 14 CV 8624 (VSB), ECF No. 91, and the facts summarized in Defendants' briefing papers for Summary Judgment and 56.1 statement of facts. <u>See</u> ECF Nos. 55, 61, 78 & 87. Pursuant to the Court's April 23, 2015 order, defendants filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b) on May 23, 2015. <u>See</u> ECF No. 53. On June 12, 2015, the Court issued an order granting the parties' request that the motion to dismiss be converted to a motion for summary judgment. <u>See</u> ECF No. 57. The motion was fully briefed on October 2, 2015. <u>See</u> ECF No. 87. The Court ruled on that motion on September 29, 2016. <u>See</u> ECF No. 91.

---

[1] Or presumably plaintiff's counsel is concerned about how this decision will affect the other actions currently pending in this district related to the *same* date of incident and involving the *same* lawful orders. As defendants noted <u>supra</u> one such case is <u>Wiles v. City of New York</u>. The <u>Wiles</u> Court agreed with this Court's determination that the police orders to disperse on November 5, 2011 were lawful and granted defendants' motion for summary judgment on October 25, 2016. <u>See</u> <u>Wiles v. City of New York</u>, et. al, 13 CV 02898, (TPG) ECF No. 161.

## STANDARD OF REVIEW: RECONSIDERATION

"Reconsideration of a court's previous order is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." Grand Crossing, L.P. v. United States Underwriters Ins. Co., 03 Civ. 5429 (RJS), 2008 U.S. Dist. LEXIS 80833, at *7 (S.D.N.Y. Oct. 3, 2008) (quoting Parrish v. Sollecito, 253 F. Supp. 2d 713, 715 (S.D.N.Y. 2003)) (internal quotations omitted). Motions for reconsideration are governed by Local Rule 6.3, which requires that "notice of motion for reconsideration or re-argument of a court order determining a motion shall be served within fourteen (14) days after the entry of the Court's determination of the original motion." Id. To prevail under Local Rule 6.3, the moving party must "set forth concisely the matters or controlling decisions which counsel believes the court has overlooked." SR Int'l Bus. Ins. Co. v. World Trade Ctr. Props., LLC, 407 F. Supp. 2d 587, 589 (S.D.N.Y. 2006).

In deciding a motion for reconsideration, "the court should consider: (1) whether there has been 'an intervening change of controlling law;' (2) whether there is new evidence presented that was not previously available on the original motion; and (3) whether there is a 'need to correct a clear error or prevent manifest injustice.'" Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust, 729 F.3d 99, 104 (2d Cir. 2013) (quoting Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992)). "Generally, reconsideration is not warranted where the moving party: (1) seeks to introduce additional facts not in the record on the original motion; (2) advances new arguments or issues that could have been raised on the original motion; or (3) seeks solely to re-litigate an issue already decided." Colvin v. State Univ. Coll. at Farmingdale, 13-CV-3595 (SJF) (ARL), 2015 U.S. Dist. LEXIS 61181, **7-9 (E.D.N.Y. May 8, 2015) (collecting cases). For the reasons set forth herein plaintiff's motion for reconsideration of the September 29, 2016 order should be denied as it,

-4-

inter alia, advances the same arguments from his summary judgment opposition papers and seeks to re-litigate issues already decided.

**ARGUMENT**

**THE ORDERS TO DISPERSE WERE LAWFUL AND THE COURT CORRECTLY FOUND THAT THERE WAS PROBABLE CAUSE FOR PLAINTIFF'S ARREST**

Plaintiff spends a considerable amount of time parsing out the Disorderly Conduct and Obstruction of Governmental Administration statutes in an attempt to convince the Court that probable cause did not exist to arrest him. However plaintiff's argument is misplaced and makes evident that he confuses the burden of proof ("beyond a reasonable doubt") required to convict him of violating these statutes in criminal court with the standard required for an officer to have probable cause to arrest him. As this Court is aware, the standard for the later only requires that there is a "probability" of criminal activity, based on the totality of the circumstances, at the time of the arrest. See Rheingold v. Harrison Town Police Dep't, 568 F. Supp. 2d 384, 390 (S.D.N.Y. 2008), citing Miloslavsky v. AES Eng'g Soc'y, Inc., 803 F. Supp. 351, 355 (S.D.N.Y. 1992) ("standard for probable cause requires only the probability of criminal activity, not a showing of evidence beyond a reasonable doubt or a demonstration that it is more probable than not an offense has been committed").

Here, plaintiff leans heavily on People v. Jones, to assert that officers in this case lacked probable cause to arrest him for disorderly conduct. See People v. Jones, 9 N.Y.3d 259 (2007). Jones, is a criminal case whereby the defendant sought to challenge his conviction and withdraw his initial guilty plea for violating NY PL §240.20(5). The Jones Court found that the defendant's conviction should be vacated as the people's accusatory instrument was "jurisdictionally defective" because it failed to meet its burden and establish a prima facie case. Jones at 262. In other words, the court found that the factual allegations within the document

failed to outline all of the elements for a disorderly conduct charge, particularly as it related to the "intent to or recklessly created a risk of causing 'public inconvenience, annoyance or alarm.'". <u>Id</u>.

        The <u>Jones</u> case is inapposite and easily distinguishable from the case at bar. First, this is not a question of facial insufficiency; plaintiff has not alleged, let alone provided evidence, that the charging instrument in his criminal action was legally inadequate. <u>See</u> <u>Haus v. City of New York</u>, 2011 U.S. Dist. LEXIS 155735, at *285 (S.D.N.Y. Aug. 31, 2011) (Court rejecting protestor plaintiffs' theory that the holding of <u>People v. Jones</u>, 9 N.Y.3d 259 (2007) should be used to "test their false-arrest claims").   Regardless, such a claim would be a non-sequitor in this § 1983 civil action.  Second, the question of probable cause is being decided in a civil action at the summary judgment stage with sufficient evidence to support this Court's conclusion that plaintiff's arrest was lawful.  There is no evidence to suggest that the <u>Jones</u> Court relied on video evidence and statements from the criminal defendant as we have here. While plaintiff uses this case and several others to mistakenly identify the standard as requiring a "breach of the peace," that language is misleading, particularly as used here.  "[T]his court has equated [breach of the peace] with public inconvenience, annoyance or alarm, the governing phrase of our current disorderly conduct statute."  <u>People v. Weaver</u>, 16 N.Y.3d 123, 128 (N.Y. 2011).  Plaintiff apparently overlooked that the statute applies even where there is no evidence of public inconvenience, annoyance or alarm, "if the conduct recklessly creates a risk of such public disruption."  <u>Id</u>. ("[T]here is no per se requirement that members of the public must be involved or react to the incident.").

**A. The Court correctly stated the law: that an order to disperse is lawful unless 'the order was 'purely arbitrary' and 'not calculated in any way to promote the public order.'''**

Furthermore, this Court recognized the law as stated in <u>People v. Galpern</u>, 259 N.Y. 279 (1932) governs.  A refusal to obey an order to disperse can only be justified "where the circumstances show conclusively that the police officer's direction was purely arbitrary and was not calculated in any way to promote the public order." <u>Mediavilla v. City of New York</u>, 14-cv-08624 (VSB), ECF No. 91, pp. 23. This Court then rightly concluded "that is not the case here." <u>Id</u>. <u>See Also</u> <u>Wiles</u> at, pp. 18. (Noting that police orders to disperse on November 5, 2011 "can hardly be said to be 'purely arbitrary' or 'not calculated in any way to promote the public order' under the standard set forth in *Galpen.* 259 N.Y. 279, 284-85 (1932)'").

Plaintiff cites to cases that do not contradict <u>Galpren</u>, but rather stand for different propositions based on the facts before each respective Court. For example, plaintiff references <u>People v. Mehdi</u>, 29 N.Y.2d 824 (1971) and urges the Court to consider it in deciding his motion for reconsideration. Nonetheless <u>Mehdi</u> is inapposite to the facts here. First, <u>Mehdi</u>, a decision not exceeding more than one paragraph in length, involved N.Y. PL §240.20(7). The Court reversed findings of guilt at trial on the grounds that the evidence failed to establish "beyond a reasonable doubt" that the defendants were guilty of the charge.   <u>See</u> <u>People v. Mehdi</u>, 29 N.Y.2d 824, 825 (1971). As defendants have already noted above, plaintiff's argument is misplaced and makes evident that he confuses the burden of proof ("beyond a reasonable doubt") required to convict him of violating these statutes with the standard required for an officer to have probable cause to arrest him.

While Plaintiff is correct that <u>Galpern</u>, is a case that is over 80 years old, the relevant legal premise within it, survives today. <u>See</u> <u>Crenshaw v. City of Mount Vernon</u>, 372 Fed. App'x 202, 206 (2d Cir. 2010) ("[u]nder New York's disorderly conduct statute, an order to

disperse is lawful unless 'the order was 'purely arbitrary' and 'not calculated in any way to promote the public order.'" (quoting People v. Galpern, 259 N.Y. 279, 284-85, 181 N.E. 572 (1932)); accord United States v. Nelson, 500 F. App'x 90, 93 (2d Cir. 2012);  Pesola v. City of New York, No. 15-cv-1917 (PKC)(SN), 2016 U.S. Dist. LEXIS 42977, at *15 (S.D.N.Y. Mar. 30, 2016); Caravalho v. City of New York, No. 13-cv-4174, 2016 U.S. Dist. LEXIS 44280, 2016 WL 1274575, at *6 (S.D.N.Y. Mar. 31, 2016);  Leibovitz v. Barry, No. 15-CV-1722 (KAM), 2016 U.S. Dist. LEXIS 128231, at *36 (E.D.N.Y. Sep. 20, 2016); Wiles v. City of New York, 13 CV 02898, (TPG) ECF No. 161 (S.D.N.Y October 25, 2016).

        Based on the foregoing, it is unclear why plaintiff would construe Jones and other cases as having overruled People v. Galpern, 259 N.Y. 279 (1932). See Pl's Recon. MOL pp.18; see also Wiles v. City of New York, 13 CV 02898, (TPG) ECF No. 161, pp. 19 ("it is unclear how [People v. Jones, People v. Johnson, and People v. Weaver] can be construed to overrule Galpern"). In rejecting the same arguments by Plaitniff's counsel in Wiles the Court stated: "It is unclear how these cases[, Jones, Johnson, and Weaver,] can be construed to overrule Galpern. Galperen had always required a showing of some element of public disruption for an order to disperse to be considered 'lawful'. At best, plaintiff's cases merely elaborate on the 'public disruption' element necessary to warrant an order to disperse. More importantly, the cases [plaintiff cites] do not 'clearly establish' that the police officers' orders in this case were unlawful." [2]

---

[2] Further as noted in Wiles, even if Galpern was arguably no longer "good law" as plaintiff suggests, the individual officers would still be entitled to qualified immunity as it could not be said that 'the defendants' conduct [] violated any 'clearly established' rights. To hold otherwise would effectively 'subject police to money damages for picking the losing side of the controversy.'" See Wiles at pp.20 (citing Reichle v. Howards, 132 S. Ct. 2088, 2096 (2012)).

As demonstrated by <u>Crenshaw v. City of Mount Vernon</u>, 372 Fed. App'x 202, 206 (2d Cir. 2010) and the cases that follow, it is not only the "New York City Law Department" that "likes *Galpern*" as plaintiff complains in his motion for reconsideration. <u>See</u> Pl's Recon. MOL pp.6. <u>Galpern</u> has been cited and relied upon by many learned jurists in this circuit including this esteemed Court. Plaintiff's assertion that "shepardizing <u>Galpern</u> makes it abundantly clear that the case is not good law" is simply false and misleading. <u>See</u> Pl's Recon. MOL pp.7. The cases noted <u>supra</u> cite to <u>Galpern</u> and as plaintiff himself concedes "[t]he New York Court of Appeals has never expressly overruled <u>Galpren</u>". This last confession streaming from plaintiff's own moving papers is likely one of the few truths that can be garnered from his motion for reconsideration, and one explicitly affirmed by sister Courts as recently as this week. <u>Wiles v. City of New York,</u> 13 CV 02898, (TPG) ECF No. 161, pp. 19.

**B.** **The Legal Premise that an order to disperse is lawful unless 'the order was 'purely arbitrary' and 'not calculated in any way to promote the public order.'" is Still Followed**

Plaintiff next argues that in order to charge him for disorderly conduct there must be a showing of "actual or threatened public harm". <u>See</u> Pl's Recon. MOL pp.14. Yet the Court has already acknowledged the "public harm element" and took it into account when it found probable cause under N.Y. PL §§240.20 and 240.26. <u>See</u> <u>Mediavilla</u> at pp. 25. The Court noted that the "evidence, and indeed plaintiff's own statements in his affidavit, demonstrate that the arresting officers had probable cause to arrest plaintiff under either section". <u>Id</u>. Further, the evidence cited by the Court makes clear that approximately 100 protestors had blocked the entire sidewalk in attempts to climb the Court house steps on 60 Centre Street. Additionally, evidence shows that several protestors became angry at the police, started chanting "we want the steps!", and began pushing "up against and into the police officers" who had formed a line on the first steps of 60 Centre Street. <u>See</u> <u>Mediavilla</u> at pp. 3, fn. 5. Therefore contrary to plaintiff's

-9-

assertions the evidence clearly shows that the protestors, including plaintiff, created a hazard by completely blocking pedestrian while many others physically and aggressively engaged officers who were trying to keep them off the Court house steps. These harms are in fact public and made it not only reasonable but necessary for officers to issue orders for the crowd to disperse.

     **C.**  **New York City Charter 435(a) Is Relevant As It Outlines The Duties and Responsibilities of The Officers While Highlighting That The Officers' Orders Were Not Purely Arbitrary And Promoted The Public Order**

     Next, plaintiff takes issue with the Court's reference to New York City Charter §435(a). As this court is aware, the charter outlines the duties and responsibilities of the police force, which includes the regulation of pedestrian and vehicular traffic as well as the preservation of order at all public meetings and assemblies. See NYC Charter 435(a).  Contrary to plaintiff's assertions, the reference of this statute in the Court's decision is not a "broad sweep" on the application of NYC Charter 435(a). The Court made it explicitly clear that the statue is relevant as it highlights that the officers' were engaged in a statutory function and that the orders to disperse were not "purely arbitrary" but served a significant governmental interest, and duty, as outlined per the city charter. The Court correctly recognized that "[t]he City 'certainly has a significant interest in keeping its public spaces safe and free of congestion.'" See Mediavilla at 21 (citations omitted). Furthermore, as recently noted by Wiles v. City of New York:

> "Police officers have a duty under New York City Charter§ 435(a) to disperse 'assemblages, which obstruct the free passage of public streets, sidewalks, parks and places.' This mandate does not, however, prescribe the manner in which police officers must exercise this duty. Directing pedestrian traffic to clear sidewalks of congestion is a duty that requires 'instantaneous judgment calls, rather than a pre-programmed means of achieving a compulsory result.'" Wiles v. City of New York, 13 CV 02898, (TPG) ECF No. 161 at pp.28-29 (citing Denis v. Town of Haverstraw, 852 F. Supp. 2d 405, 413 (S.D.N.Y. 2012).

     Based on the foregoing, no reasonable person could interpret the Court's ruling as an expansion to New York City Charter§ 435(a). This Court explicitly noted that "[t]he state of

congestion on the sidewalk in front of 60 Centre Street is evident in the video recordings." Id. Simply put, the evidence in this case, makes it clear that officers were engaged in a governmental function of trying to clear a heavily congested sidewalk by issuing orders to disperse. When plaintiff hindered the officers' efforts, he became subject to arrest. Based on the foregoing no reconsideration is need as to the Court's application of New York City Charter 435(a)[3].

### D. The Court Correctly Found Probable Cause To Arrest Plaintiff Under N.Y. PL §§240.20(6) and 195.05

Plaintiff's argument that probable cause was "lacking" to arrest him purposefully ignores the abundant video evidence that was presented. As it relates to NY PL §240.20(6), this Court already found that the orders to disperse were lawful and plaintiff's refusal to obey gave rise to probable cause to arrest him. See Mediavilla at 20-22. Additionally, the Court found that the intent requirement for N.Y. PL §§240.20(6) and 195.05 were met based on the evidence presented in this case. See Mediavilla at 18. "Plaintiff concedes- and the video evidence shows- that during the demonstration, he repeatedly shouted 'treason' at a close distance to Lieutenant Zielinski, and sought to and did remain at that close distance while Lieutenant Zielinski was issuing orders to the demonstrators through the bullhorn. " Id. The Court further noted that "It is not disputed that orders to disperse were given by Lieutenant Zielinski and other officers, and that Plaintiff did not leave the area and/or clear the sidewalk. It is also clear Plaintiff intended to remain on the sidewalk and Officer Ciaramitaro and the other officers were witnessing Plaintiff's behavior." See Mediavilla at 20.

---

[3] Additionally, plaintiff's concession that the reference of NYC Charter 435(a) in a Second Circuit decision is "ambiguous" and "far from clear" (see Pl's Recon. MOL pp.18, fn 4), only strengthens defendants' previous arguments that the individual officers in this action would be entitled to Qualified Immunity even if plaintiff's argument had merit.

-11-

Here, plaintiff has failed to put forth evidence that that would even remotely suggest that the orders were arbitrary; did not promote public order in anyway; or that he lacked the requisite "intent" for officers to believe that he was violating several penal statutes. Based on this deficiency plaintiff's motion for reconsideration must be denied and can be seen as nothing more than an attempt "to re-litigate an issue already decided" which is improper. See Colvin v. State Univ. Coll. at Farmingdale, 2015 U.S. Dist. LEXIS 61181, **7-9 (E.D.N.Y. May 8, 2015).

### E. The Court Correctly Found Probable Cause To Arrest Plaintiff Under N.Y. PL §§240.20(1) and 240.26

Plaintiff concedes that N.Y. PL §§240.20(1) and 240.26 are "unquestionably the strongest basis for the Court's decision" because "[t]he plaintiff was, after all, loud in his exclamations of 'Treason!' near Lt. Zielinski" See Pl's Recon. MOL pp.19). Nonetheless he still argues that the Court should reconsider "this aspect of its decision" because defendants "failed to present sufficient evidence to eliminate all questions of fact". Id. Defendants note that "[p]laintiff appears to believe that merely stating that a factual dispute exists [or remains] is enough to overcome defendants' motion for summary judgment".  See Wiles at pp.15. Nonetheless the "mere existence of some alleged factual dispute…will not defeat an otherwise properly supported motion for summary judgment". Id. Plaintiff then goes on to complain for approximately one paragraph that the court should draw all inferences in plaintiff's "favor". These statements are clearly contradictory; fail to highlight any unresolved material questions of fact; and should be disregarded.

As the Court noted "[c]riminal violations under §§ 240.20(1), and 240.26 require a showing, respectively, that a person (i) was engaged in "tumultuous or threatening behavior," or (ii) "with intent to harass, annoy or alarm another person . . . follow[ed] a person in or about a public place or places; or . . . engage[d] in a course of conduct or repeatedly commit[ed] acts

which alarm or seriously annoy such other person and which serve no legitimate purpose," NYPL §§ 240.20(1), 240.26." See Mediavilla at 24-25. Here, the Court found that "[t]he evidence, and indeed Plaintiff's own statements in his affidavit, demonstrate that the arresting officers had probable cause to arrest Plaintiff under either section 240.20(1) or 240.26." Id. at 25. The Court Further notes that "Plaintiff's behavior was unquestionably aggressive: the video evidence coupled with Plaintiff's own version of the facts reveals that there can be no genuine disputes of fact regarding whether there was probable cause." Id. The Court then concluded that "[n]o reasonable trier of fact could find that plaintiff's behavior was not, at minimum, 'tumultuous.'" Id.

Finally, defendants noted supra, and as this Court is well aware, a court need not view facts in plaintiff's favor where it is contradicted by indisputable video evidence. See Garcia v. Doe, 2014 U.S. App. LEXIS 24772, *3 (2d Cir. 2015) Here, the Court has already highlighted such contradictions and was well within its discretion to not apply facts in plaintiff's favor where they were clearly disproven by video.

## CONCLUSION

For the foregoing reasons, defendants, respectfully request that plaintiff's motion for reconsideration be denied in its entirety, the Court should affirm its September 29, 2016 Memorandum and Order granting defendants' motion for summary judgment, and grant such other and further relief as the Court deems just and proper including under Fed. R. Civ. P. 56(h) as appropriate.

Dated:       New York, New York
             October 27, 2016

                              ZACHARY CARTER
                              Corporation Counsel of the City of New York
                              *Attorney for Defendants*
                              100 Church Street
                              New York, New York 10007
                              (212) 356-2323

                              By: _____/s/_____
                                   Joy T. Anakhu
                                   Senior Counsel
                                   Special Federal Litigation Division