```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
JOSE MEDIAVILLA                                             :
                                                            :
                              Plaintiff,                    :
                                                            :
              -v-                                           :           14-CV-8624 (VSB)
                                                            :
THE CITY OF NEW YORK, et al.,                               :           **MEMORANDUM & OPINION**
                                                            :
                              Defendants.                   :
                                                            :
------------------------------------------------------------X
```

Appearances:

Wylie M. Stecklow
Stecklow, Cohen & Thompson
New York, New York
*Counsel for Plaintiff*

Andrew J. Lucas
Joy T. Anakhu
New York, New York
*Counsel for Defendants*

VERNON S. BRODERICK, United States District Judge:

      Before me is Plaintiff Jose Mediavilla's motion for reconsideration under Federal Rule of Civil Procedure 60(b) and Local Civil Rule 6.3, (Doc. 93), of my September 29, 2016 Memorandum & Order granting Defendants' motion for summary judgment and denying Plaintiff's cross-motion to amend the complaint (the "September Order"), (Doc. 91). Because I find that there is no basis for me to reconsider my September Order, Defendant's motion is DENIED.

I.   **Procedural Background**[1]

After I issued the September Order, on October 13, 2016, Plaintiff submitted a motion for reconsideration. (Docs. 93, 95.)[2] On October 27, 2016, Defendants submitted their opposition, (Doc. 96), and on November 4, 2016, Plaintiff submitted his reply, (Doc. 97).

II.  **Applicable Law**

Federal Rule of Civil Procedure 60(b) and Local Civil Rule 6.3 allow reconsideration or reargument of a court's order in certain limited circumstances. "Rule 60(b) provides 'extraordinary judicial relief' and can be granted 'only upon a showing of exceptional circumstances.'" *Kubicek v. Westchester Cty.*, No. 08 Civ. 372 (ER), 2014 WL 4898479, at *1 (S.D.N.Y. Sept. 30, 2014) (quoting *Nemaizer v. Baker*, 793 F.3d 58, 61 (2d Cir. 1986)). This necessarily means that the standard for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). A motion for reconsideration is "neither an occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have been previously advanced." *Associated Press v. U.S. Dep't of Def.*, 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005). Nor is a motion for reconsideration a time to "advance new facts, issues or arguments not previously presented to the Court." *Polsby v. St. Martin's Press, Inc.*, No. 97-CV-690 (MBM), 2000 WL 98057, at *1 (S.D.N.Y. Jan. 18, 2000) (internal quotation marks omitted).

---

[1] For purposes of this Memorandum & Opinion, I assume familiarity with the factual and procedural background of the action, and incorporate by reference the background detailed in my September Order.

[2] On October 13, 2016, Plaintiff filed two memoranda of law in support of his motion. The second memorandum filed on that day is listed on the docket as Amended Memorandum of Law. (Doc. 95.)

2

The decision of whether to grant or deny a motion for reconsideration is "within 'the sound discretion of the district court.'" *Premium Sports Inc. v. Connell*, No. 10 Civ. 3753(KBF), 2012 WL 2878085, at *1 (S.D.N.Y. July 11, 2012) (quoting *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009)). Generally, a party seeking reconsideration must show either "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *In re Beacon Assocs. Litig.*, 818 F. Supp. 2d 697, 702–03 (S.D.N.Y. 2011) (quoting *Catskill Dev., L.L.C. v. Park Place Entm't Corp.*, 154 F. Supp. 2d 696, 701 (S.D.N.Y. 2001)).

## III. Discussion

Plaintiff's position in favor of reconsideration consist of the following arguments: (1) in finding that there was a lawful order to disperse, I overlooked binding New York precedent and erroneously relied on questionable law, such as *People v. Galpern*, 259 N.Y. 279 (1932)[3] and Section 435 of the New York City Charter; and (2) in holding that there was at least arguable probable cause to arrest Plaintiff for violation of New York Penal Law §§ 240.20(1) and 240.26, I improperly construed factual ambiguities against Plaintiff. (*See generally* Pl.'s Mem.)

Plaintiff does not identify a change in controlling law, nor does he assert that he discovered new evidence. Rather, Plaintiff acknowledges that the New York Court of Appeals' *Galpern* decision has never been overruled but instead has been cited multiple times by federal courts in this Circuit. (*See* Pl.'s Mem. 9; Pl.'s Reply 1.)[4] Additionally, subsequent New York

---

[3] Plaintiff also argues that if I consider the applicable case law, Defendants failed to provide evidence of public harm such that there would be arguable probable cause to arrest Plaintiff for disorderly conduct. (*See* Pl.'s Mem. at 13–15 (Doc. 95).) Specifically, Plaintiff contends that his behavior was a "mere inconvenience," which is insufficient to satisfy the demands of a disorderly conduct charge. (*See* Pl.'s Mem. 14–15.) However, the September Order took into account that there must be "actual or threatened public harm" that is "intended to cause public inconvenience, annoyance or alarm or was reckless in creating a risk of those consequences," and simply found that, based on Plaintiff's concessions and the video evidence that depicted Plaintiff's increasingly aggressive actions, it was reasonable for the officers to conclude that this standard was met. (*See id.* at 17–20.)

[4] "Pl.'s Reply" refers to Plaintiff's Memorandum of Law in Support of Plaintiff's Motion for Reconsideration.

3

Court of Appeals decisions discussing or referencing *Galpern* do not provide any basis from which to conclude that I erroneously cited *Galpern* in the September Order. *See, e.g.*, *People v. Mehdi*, 29 N.Y.2d 824, 825 (1971) (dismissing criminal conviction for failure to establish guilt beyond a reasonable doubt, given that intentional or reckless creation of a hazard not established merely by subjective conclusion of police officers that there was a crowd and restraining barriers or that a small fire could threaten injury to bystanders); *People v. Todaro*, 26 N.Y.2d 325, 328–29 (1970) (affirming conviction, explaining disorderly conduct statute "a substantial restatement" of the former Penal law, and, citing *Galpern*, finding that the circumstances did "not indicate any arbitrariness on the part of the police officer"); *People v. Diaz*, 4 N.Y.2d 469, 471 (1958) (citing *Galpern* as an example of a conviction for loitering that was deemed disorderly conduct and was upheld); *People v. Carcel*, 3 N.Y.2d 327, 333 (1957) (citing *Galpern* in explaining that before refusal to heed an Officer's warning may be the basis for a conviction, defendants must be congregating with others at the time the order is refused). Moreover, it is not clear how the cases cited by Plaintiff—most notably, *People v. Jones*, 9 N.Y.3d 259 (2007)—form a body of case law that is, as Plaintiff contends, so at odds with *Galpern* that citation to *Galpern* becomes troubling. *See Wiles v. City of N.Y.*, No. 13-cv-2898 (TPG), 2016 WL 6238609, at *8 (S.D.N.Y. Oct. 25, 2016), *appeal docketed*, 16-3940 (2d Cir. Nov. 23, 2016) ("It is unclear how these cases[, including *Jones*,] can be construed to overrule *Galpern*."). Indeed, that case law may cast doubt on precedent does not, without more, overturn that precedent. *See Lefkowitz v. McCraw-Hill Glob. Educ. Holdings, LLC*, 23 F. Supp. 3d 344, 357 & n.11 (S.D.N.Y. 2014) (explaining that while the Supreme Court had issued certain statements that

---

(Doc. 97.) Plaintiff argues that "[f]ederal courts which have applied the 'not purely arbitrary' standard of *Galpern* and *Todaro* have failed to respect changes in New York State law since 1970." (Pl.'s Mem. 11.)

could be interpreted to cast doubt on a Second Circuit decision, those statements, without more, did not "trump Second Circuit precedent").

Plaintiff's second argument—that my citation to Section 435 of the New York City Charter warrants reconsideration—is similarly unavailing. The September Order merely cited the New York City Charter in identifying the City's interest in keeping public spaces safe and, along with the undisputed evidence supporting that this was the Officers' stated concern, found the Officers' approach reasonable. (Pl.'s Mem. 20–22.) The September Order did not hold that Section 435 rendered the conduct by the Officers lawful; rather, it analyzed whether there was probable cause under various provisions of the New York Penal Law. (*Id*. at 15–37.) Although Plaintiff may disagree with my reasoning, that is not cause for reconsideration.

Finally, Plaintiff is incorrect that the September Order construed disputed facts against Plaintiff. Rather, the September Order relied on video evidence and Plaintiff's own admissions and statements in his affidavit to find that "no reasonable trier of fact" could conclude that the Officers lacked probable cause, or at least arguable probable cause. (*See, e.g.*, September Order 27, 28.)

Ultimately, Plaintiff's motion for reconsideration amounts to a reargument of positions already taken during summary judgment briefing. (*See, e.g.*, Doc. 69 at 18–19 (arguing that *Galpern* "ceased to be good law" and was "overruled"), at 20–21 (criticizing reliance on Section 435 of the New York City Charter).) Plaintiff's motion thus consists of precisely the sort of repetition that cannot form the basis for reconsideration. *See Kubicek*, 2014 WL 4898479, at *2 ("Plaintiff cannot succeed here by offering 'substantially the same argument that she offered on the original motion." (quoting *Heffernan v. Straub*, 655 F. Supp. 2d 378, 381 (S.D.N.Y. 2009))); *Tatum v. City of N.Y.*, No. 06 Cv. 4290 (BSJ)(GWG), 2009 WL 976840, at *2 (S.D.N.Y. Apr. 9,

2009) (rehashing of previous arguments, demeaning evidentiary value of testimony, and asserting that the court may have overlooked controlling case law or the record as a whole, was "precisely the type of practice that is not permitted in a motion for reconsideration").

## IV. Conclusion

For the reasons stated herein, Plaintiff's motion for reconsideration is DENIED. The Clerk of Court is directed to terminate the open motion at Document 93.

SO ORDERED.

Dated: September 18, 2017
New York, New York

Vernon S. Broderick
United States District Judge